IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WESTERN STATES ASSET MANAGEMENT, § <br> INC. AND THE WINSTED APARTMENTS, § <br> § <br> Plaintiffs, § <br> v. § <br> § <br> AIX SPECIALTY INSURANCE COMPANY, § <br> INNOVATIVE RISK MANAGEMENT, § <br> CRAWFORD AND COMPANY, NELSON § <br> ARCHITECTURAL ENGINEERS, INC., AND § <br> DANNY BROWN, § <br> § <br> § <br> Defendants. | | Civil Action No. 3:13-cv-00234-M |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Motion to Remand [Docket Entry #12], filed by Plaintiffs Western States Asset Management, Inc. and The Winsted Apartments ("Plaintiffs"). For the reasons set forth below, Plaintiffs' Motion is **GRANTED** and this case is **REMANDED** to the 298th Judicial District Court of Dallas County, Texas.

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This action concerns a dispute over Defendants' handling of an insurance claim filed by Plaintiffs for property damage to a multi-unit apartment complex. Western States Asset Management, Inc. ("Western States"), a California corporation, and The Winsted Apartments ("Winsted"), a multi-unit apartment complex in Dallas, Texas, filed a civil action in Texas state court against AIX Specialty Insurance Company ("AIX"), a Delaware corporation, Innovative

Risk Management ("IRM"), a Texas corporation, Crawford & Co. ("Crawford"), a Georgia corporation, Danny Brown ("Brown"), a citizen of Texas, and Nelson Architectural Engineers, Inc. ("Nelson"), a Texas corporation. *Pls.' Original Pet.*, Ex. 4–B to Notice of Removal, at 1–2. In their Petition, Plaintiffs allege that AIX and IRM failed to fully compensate for damage to Plaintiffs' property sustained during a hail storm on May 24, 2011. *Id*. at 3. Plaintiffs also filed suit against Crawford, the insurance adjusting agency, Brown, an adjuster with Crawford, and Nelson, a consultant hired by Brown to help process Plaintiffs' claim. *Id.* Plaintiffs assert certain causes of action against AIX only: breach of contract, breach of the duty of good faith and fair dealing, violation of the Texas Deceptive Trade Practices Act ("DTPA"), and violation of Section 542 of the Texas Insurance Code. Plaintiffs assert further causes of action against AIX, IRM, Crawford, and Brown: violation of Section 541 of the Texas Insurance Code, fraud, and conspiracy to commit fraud. Plaintiffs assert only claims of fraud and conspiracy to commit fraud against Nelson.

On January 17, 2013, AIX removed the case to this Court, claiming diversity jurisdiction. *Def.'s Notice of Removal* ¶12. AIX alleges complete diversity, despite the Texas citizenship of IRM, Brown, and Nelson, contending these three parties were improperly joined and that their citizenship should thus be disregarded for diversity purposes. *Id*. at ¶¶ 5–11. On February 7, 2013, Plaintiffs moved to remand, claiming that IRM, Brown, and Nelson were properly joined in the lawsuit and that the presence of in-state defendants prevents removal. *Pls.' Motion to Remand* at ¶ 9.[1]

---

[1] AIX alleges that Winsted has no right to sue because it is not a legal entity. However, Winsted's legal status is irrelevant to the issue of proper joinder raised in Plaintiffs' Motion to Remand. Even if Winsted is excluded from the lawsuit because it lacks capacity to sue, 28 U.S.C. §1441(b)(2) would still prevent diversity removal if IRM, Brown, and Nelson were properly joined. Thus, the Court declines to address Winsted's legal status at this time.

## II. APPLICABLE LAW

A defendant has the right to remove a case to federal court when diversity jurisdiction exists, and the removal procedure is properly followed. 28 U.S.C. § 1441 (Supp. 2012). The removing party bears the burden of establishing that a state court suit is properly removable to federal court. *Delgado v. Shell Oil Co.*, 231 F.3d 165, 178 n. 25 (5th Cir. 2000). Doubts about the propriety of removal are to be resolved in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins.*, 276 F.3d 720, 723 (5th Cir. 2002).

If federal jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332, an action "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (Supp. 2012). A case may be removed despite the presence of a resident defendant if the removing defendant shows that the resident defendant was improperly joined. *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). To establish that a non-diverse defendant has been improperly joined for the purpose of defeating diversity jurisdiction, the removing party must prove either that: (1) there has been actual fraud in the pleading of jurisdictional facts; or (2) that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court. *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

Only the latter ground is at issue here. When determining whether a plaintiff is able to establish a state claim against a non-diverse party, the court inquires whether there is any reasonable basis to predict that the plaintiff might be able to recover against the non-diverse defendant. *Id.* at 573. To make that determination, the court looks to a plaintiff's factual allegations to determine whether the petition states a claim under state law against the in-state

defendant. *Id.* All factual allegations in the state court petition are considered in the light most favorable to the plaintiff, and contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005).

For purposes of the improper joinder inquiry, the sufficiency of the factual allegations is reviewed under Texas's "fair notice" pleading standard, not the heightened federal pleading standard. *Yeldell v. Geovera Specialty Ins. Co.*, No. 3:12-cv-1908-M, 2012 WL 5451822, at *3 (N.D. Tex. Nov. 8, 2012) (Lynn, J.) ("Texas's 'fair notice' pleading standard applies to factual allegations in the removed petition in an improper joinder analysis.").

Under the Texas Rules of Civil Procedure, a pleading can contain legal conclusions as long as the allegations as a whole provide fair notice to the opponent. Tex. R. Civ. P. 45(b). A Texas state court liberally construes a plaintiff's petition in the plaintiff's favor. *Starcrest Trust v. Berry*, 926 S.W.2d 343, 349 (Tex. App.—Austin, 1996, no writ). Moreover, a court applying the Texas pleading standard will look to the plaintiff's intent and uphold a petition, even if the plaintiff has not specifically alleged some element of a cause of action, by supplying every fact that can be reasonably inferred from what the plaintiff specifically stated. *Torch Operating Co. v. Bartell*, 865 S.W.2d 552, 554 (Tex. App.—Corpus Christi, 1993, writ denied).

### III. ANALYSIS

Plaintiffs have moved for remand, arguing that this case is non-removable because IRM, Brown, and Nelson are Texas residents.[2] This Court must address whether Defendants have carried their burden to show that there is no reasonable basis on which to predict that Plaintiffs might recover against the three Texas Defendants. *See Smallwood*, 385 F.3d at 573.

---

[2] Diversity jurisdiction also requires the amount in controversy to exceed $75,000. 28 U.S.C. § 1332(a). Although Plaintiffs' Original Petition does not allege a maximum amount of damages being sought, Plaintiffs' counsel corresponded to Defendants, claiming entitlement to $784,791.69. *Defs.' Notice of Removal* at 7. Based on Plaintiffs' allegations, the amount-in-controversy requirement has been met.

Defendants' failure to meet the "heavy burden" of showing that will require the Court to remand the action to state court. *See Travis*, 326 F.3d at 649.

Plaintiffs bring three claims against the Texas Defendants: (1) violation of Section 541 of the Texas Insurance Code; (2) fraud; and (3) conspiracy to commit fraud. The Court need not decide whether Plaintiffs have sufficiently pleaded each cause of action; instead, if the Court finds that Plaintiffs can potentially sustain *any* of these causes of action against the Texas Defendants, remand of the entire case will be necessary. *See Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004) ("[The] holistic approach to removal mandates that the existence of even a single valid cause of action against in-state defendants, despite the pleading of several unavailing claims, requires remand of the entire case to state court.").

A. <u>Claims under Section 541 of the Texas Insurance Code</u>

Defendants claim that Plaintiffs do not state a plausible cause of action against IRM and Brown because (1) third-party administrators and independent adjusters cannot be held liable under the Texas Insurance Code, and (2) even if Defendants could face liability, Plaintiffs have not offered sufficient evidence to support a viable claim. The Court disagrees with both arguments.

The Texas Insurance Code allows insureds to bring causes of action for unfair settlement practices against "persons . . . engaged in the business of insurance." Tex. Ins. Code. § 541.151. The Texas Supreme Court has affirmed that the "investigation and adjustment of claims and losses" qualifies as "engag[ing] in the business of insurance." *Vail v. Texas Farm Bur. Mut. Ins. Co.*, 754 S.W.2d 129, 132 (Tex. 1988) (citing *Aetna Casualty & Surety Co. v. Marshall*, 724 S.W.2d 770, 771-72 (Tex. 1987)). Persons other than the insurer, including

individual insurance adjusters, can be liable under Section 541.51.  *See, e.g.*, *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998) (holding that an insurer's employee may be held individually liable under Article 21.21–now Tex. Ins. Code §541–because he is a "person" who is "engage[d] in the business of insurance."); *Gasch v. Hartford Indem. Co.,* 491 F.3d 278, 282 (5th Cir. 2007) (holding that adjusters who service insurance policies are "engaged in the business of insurance" and are subject to suit under the Texas Insurance Code).

Plaintiffs argue that IRM and Brown can face liability even as a third-party administrator and an independent adjuster, respectively, because they "engaged in the business of insurance" when they investigated and adjusted Plaintiffs' insurance claim.  The Court agrees.  Plaintiffs allege that IRM and Brown (as an adjuster attached to Crawford) "performed investigations, analyzed documents, assessed coverage, made coverage determinations, and issued claim payments." *Pls.' Original Pet.*, Ex. 4-B to Notice of Removal, at 1–2.  These alleged actions by the Texas Defendants fall within the general definition of "engaging in the business of insurance."  *See Vail*, 754 S.W.2d 129 at 132.

Defendants claim IRM and Brown are third parties hired by AIX, not direct employees of the insurer.  In support, Defendants cite *Dear v. Scottsdale Ins. Co.*, 947 S.W.2d 908, 916–17 (Tex. App. —Dallas 1997, writ den'd), *disapproved of on other grounds by Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 122–23 (Tex. 2001), which held that an independent adjuster cannot be liable to an insured for improper investigation and settlement advice, regardless of whether the insured phrases the allegations as negligence, bad faith, breach of contract, tortious interference, or a DTPA claim.  Other state courts have relied on *Dear* to further insulate independent adjusters and third parties hired by insurers from suits under the Texas Insurance Code.  *See*

*Crocker v. Am. Nat'l Gen. Ins. Co.*, 211 S.W.3d 928, 938–39 (Tex. App. —Dallas 2007, no pet.); *Carpenter v. Sw. Med. Examination Services, Inc.*, 381 S.W.3d 583, 588–89 (Tex. App.—Eastland 2012, no pet.).

This Court finds the analysis in *Dear* unpersuasive. The court in *Dear* cited *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994), in which the Texas Supreme Court held that, absent some special, contractual relationship, an independent adjusting firm owed no duty of good faith and fair dealing to an insured. *Dear* held that *Natividad*'s "special relationship" concept should extend to preclude other claims against independent insurance adjusters. *Dear*, 947 S.W.2d at 916. However, the Fifth Circuit has noted that *Natividad* is limited to a claim for breach of the duty of good faith and fair dealing, and does not preclude claims under the Texas Insurance Code. *Gasch v. Hartford Accident & Idem. Co.*, 491 F.3d 278, 282–83 (5th Cir. 2007) (citing *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484–86 (Tex. 1998)).

The *Dear* court also cited *Bui v. St. Paul Mercury Ins. Co.*, 981 F.2d 209, 210 (5th Cir. 1993), in which the Fifth Circuit affirmed a district court's dismissal of a negligence claim against an independent adjuster because the adjuster was not a party to the contract between the insurer and the insured. *Dear*, 947 S.W.2d at 916. Yet *Bui* dealt only with claims of negligence in the insurance adjustment process, not with claims for unfair adjustment practices under the Texas Insurance Code. *See Brooks v. Am. Home Ins. Co.*, No. 3:97-CV-0515-P, 1997 WL 538727, at *3–4 (N.D. Tex. Aug. 20, 1997) (granting plaintiff's motion to remand based on her ability to maintain a cause of action for improper insurance adjustment practices under the Texas Insurance Code, notwithstanding the uncertain viability of her claims for negligence, bad faith,

and DTPA violations in light of *Dear* and *Bui*).[3] This Court does not conclude that Plaintiffs cannot state valid claims against IRM and Brown under the Texas Insurance Code.

The Court notes that this finding is consistent with several recent decisions that have also found independent adjusters and/or third party administrators subject to the Texas Insurance Code. *See, e.g.*, *Centaurus Inglewood, LP v. Lexington Ins. Co.*, 771 F. Supp. 2d 667 (S.D. Tex. 2011); *Rankin Road, Inc., v. Underwriters at Lloyds of London*, No. 10-2226, 2010 WL 4007619, at *3 (S.D. Tex. Oct. 12, 2010); *First Baptist Church v. GuideOne Mut. Ins. Co.*, No 1:07-CV-988, 2008 WL 4533729, at *5 (E.D. Tex. Sept. 29, 2008); *Lindsey-Duggan, LLC v. Philadelphia Ins. Cos.*, No. SA-o8-CA-736-FB, 2008 WL 5686084, at *2–3 (W.D. Tex. Dec. 15, 2008) (rejecting independent adjustment company's claim that it was not subject to the Texas Insurance Code); *McNeel v. Kemper Cas. Ins. Co.*, No. 3:04-CV-0734, 2004 WL 1635757, at *2–3 (N.D. Tex. July 21, 2004) (affirming that an independent adjuster may be held liable under the Texas Insurance Code).

Defendants next claim that Plaintiffs' claims against IRM and Brown are not sufficiently specific so as to show a reasonable possibility that Plaintiffs would prevail on their claims under the Texas Insurance Code. *Defs.' Resp. to Pls.' Mot. to Remand* at 7. Defendants properly note that Plaintiffs' Petition cites the same excerpts from § 541.060 in support of their allegations against IRM and Brown. *Id*. at 4. Plaintiffs also include several specific factual claims against both IRM and Brown. For example, Plaintiffs allege that IRM and Brown, either individually or in conjunction with AIX, (1) were hired to help adjust the claim and interfaced directly with Plaintiffs, adjusters, contractors, estimators, consultants, appraisers, and others on a regular basis for more than a year, (2) IRM recruited others who helped them adjust the claim; (2) IRM and

---

[3] The *Bui* Court also specially limited its holding on the liability of an independent insurance adjuster to the "particular facts of [the] case" before it. *Bui*, 981 F.2d at 209.

Brown failed to fully quantify damage suffered by Plaintiffs, (4) intentionally solicited lower repair estimates from competing contractors who refused to comply with basic construction industry standards and requested substantial discounts in exchange for volume work, (5) and IRM improperly withheld significant amounts of the claim payment because of payments made by another insurance company. *Pls.' Original Pet.*, Ex. 4–B to Notice of Removal, at 3–5.

Under Texas's lenient "fair notice" pleading standard, the factual allegations in Plaintiffs' Petition allege sufficient facts against the Texas Defendants so as create a *reasonable possibility* that Plaintiffs could prevail on their claim against IRM and Brown. *See Smallwood*, 385 F.3d at 573; *see also Rodriguez v. Yenawine*, 556 S.W.2d 410, 415 (Tex. Civ. App. —Austin 1977, no writ) ("Texas courts have upheld the pleading when the technical elements of a cause of action, without allegations of ultimate facts to be proved, were alleged in the petition."); *Harris v. Allstate Tex. Lloyd's*, No. H–10–0594, 2010 WL 1790744, at *3–4 (S.D. Tex. Apr. 30, 2010) ("The fact that [plaintiff's] pleadings do little more than recite the elements of the statutory claims might be viewed as a pleading insufficiency in federal court . . . but this court cannot conclude that there is no reasonable basis to predict that [plaintiff] might recover in state court."). Defendants have not carried their "heavy burden" to show evidence that the prospect of recovery against the Texas Defendants is untenable. *Travis*, 326 F.3d at 649; *see also Jimenez v. Travelers Indem. Co.*, No H-09-cv-1308, 2010 WL 1257802, at *4 (S.D. Tex. March 25, 2010) (denying remand because the in-state adjuster named as the defendant was not the adjuster who had analyzed and denied the claim); *Frisby v. Lumbermens Mut. Cas. Co.*, No. H-07-cv-015, 2007 WL 2300331, at *5 (S.D. Tex. Feb. 20, 2007) (denying remand when defendant presented evidence from plaintiff's deposition that the in-state defendant "never made any untrue

statements to him, never failed to tell him an important fact, and never made a statement in a way that led him to a false conclusion.").

Indeed, facts similar to those alleged by Plaintiffs have led other district courts to grant motions to remand. *See, e.g.*, *Harris v. Allstate Tex. Lloyd's*, No. CIV.A.H-10-0753, 2010 WL 1790744, at *3–4 (S.D. Tex. Apr. 30, 2010) (granting plaintiff's motion to remand because his petition specifically alleged that the adjuster was "tasked with handling the insurance claim," "failed to fulfill this task in the manner required by the Texas Insurance Code," "failed to conduct a reasonable investigation," and "failed to attempt a fair settlement"); *Rodriguez v. Standard Guar. Ins. Co.,* No. HH–10–3065, 2010 WL 4877774, at *6 (S.D. Tex. Nov. 23, 2010) (statutory language was combined with allegations that the adjuster "only inspected [plaintiffs'] property for ten minutes, wrote a report that failed to include all the damages he noted upon inspection, and severely undervalued the costs of repair and replacement"). *Cf. Weber Paradise Apartments, LP v. Lexington Ins. Co.*, No. 3:12-CV-5222-L, 2013 WL 2255256 (N.D. Tex. May 23, 2013) (denying plaintiff's motion to remand where petition failed to establish a factual fit between conclusory allegations and theories of recovery).

Considering the allegations in the Petition in a light most favorable to Plaintiffs, *see Guillory*, 434 F.3d at 308, this Court finds a reasonable basis through which Plaintiffs might recover against the Texas Defendants, mandating remand.

B. <u>Fraud and Misrepresentation Claims</u>

Because the Court finds a valid cause of action under the Texas Insurance Code, it need not examine Plaintiffs' additional claims of fraud or misrepresentation against Texas Defendants IRM, Brown, and Nelson. *See Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004) ("[E]ven a single valid cause of action against in-state defendants, despite the

pleading of several unavailing claims, requires remand of the entire case to state court."). The Court likewise declines to consider Nelson's argument that Plaintiffs' fraud allegation against Nelson fails as a matter of law because Plaintiffs did not comply with Texas Civil Practice and Remedies Code § 150.002. *Resp. to Mot. to Remand* at 4.

C. Attorney's Fees and Costs

Plaintiffs also seek attorney's fees and costs under 28 U.S.C. § 1447(c), which provides that "orders remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Attorney's fees and costs are generally awarded "only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005). Here, Defendants rested their removal action on precedent that insulated third parties from liability under the Texas Insurance Code. This Court does not conclude that Defendants failed to present a reasonable argument in support of their position. Plaintiffs' request for attorney's fees is therefore denied.

IV. CONCLUSION

Defendants failed to establish the improper joinder of Texas Defendants IRM and Brown. Because they are Texas Defendants, this Court has no subject matter jurisdiction over this case. Accordingly, this case is **REMANDED** to the 298th Judicial District Court of Dallas County, Texas. Defendants' Motion to Transfer [Docket Entry #15] is **DENIED** as moot.

**SO ORDERED.**

Date: July 3, 2013.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS